UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-CV-348-KSF

HANS-PETER HEALY, et al.                                              PLAINTIFFS

V.                                **OPINION & ORDER**

FIFTH THIRD MORTGAGE COMPANY                               DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss filed by Defendant, Fifth Third Mortgage Company ("Fifth Third")[DE #10]. Plaintiffs, Hans-Peter and Victoria Healy ("Plaintiffs") have not responded to the Motion and the time for doing so has expired. Thus, this matter is ripe for review. The Court, having reviewed the record and being otherwise sufficiently advised, will grant Fifth Third's Motion to the extent that it requests the Court to apply the abstention doctrine, but deny it to the extent that Fifth Third seeks an outright dismissal of Plaintiffs' Complaint. Rather, the Court will stay this matter pending the resolution of the parallel state court proceedings.

**I.    BACKGROUND**

On October 4, 2010, Plaintiffs filed their Complaint in this action. [DE#1]. The rambling Complaint accuses the entire banking industry of various fraudulent and unethical practices and, although it purports to bring various causes of action, including breach of fiduciary duty, negligence, common-law fraud, breach of the implied covenant of good faith and fair dealing, violation of the Truth in Lending Act, and intentional infliction of emotional distress, it is short on any specific

allegations against Fifth Third. However, from a review of the "Statement of Cause" section of Plaintiffs' Complaint, it is evident that Plaintiffs' claims arise from "a consumer contract for the refinance of a primary residence located at 4605 Braxton Court, Lexington KY 40515" (identified as the "Property"). [*Id*. at p. 1-2]. In the prayer for relief, Plaintiffs seek money damages, as well as a temporary injunction enjoining "lender and any successor in interest" from foreclosing on the Property. [*Id*. at p. 24]. In addition, in their Petition for Temporary Injunction filed in conjunction with the Complaint, Plaintiffs state that "defendant has already started foreclosure proceedings and has made it clear that eviction is imminent." [DE# 2 at p. 8]. Thus, the gist of Plaintiffs' Complaint alleges that Fifth Third (or other unspecified parties) acted improperly in connection with a mortgage loan secured by the Property and, accordingly, should not be permitted to foreclose on the Property.

In its Motion to Dismiss, Fifth Third points to a foreclosure action pending in state court between the parties, with a case caption of *Fifth Third Mortgage Company v. Hans-Peter Healy, Victoria J. Healy, et al*., Fayette County (Kentucky) Circuit Court, Div. 4, 10-CI-3801. In the state action, Fifth Third alleges that Plaintiffs defaulted on a residential mortgage contract between Plaintiffs and Fifth Third and seeks to enforce a note secured by 4605 Braxton Court, the same property at issue in Plaintiffs' federal action. [DE# 10 at Exh. A]. Thus, Plaintiffs' Complaint filed in this Court seeks to enjoin this pending state foreclosure action.

## II.  ANALYSIS

Fifth Third argues that this Court should dismiss Plaintiffs' federal action pursuant to Fed. R. Civ. Pro. 12(b) and in adherence to the doctrine of abstention. Fifth Third's argument regarding abstention is well-taken, and this Court finds that, pursuant to the principles established by the Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971) and *Colorado River*

*Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), this matter must be stayed pending state court proceedings.

The abstention doctrine announced in *Younger* provides that, when state proceedings are pending, principles of federalism dictate that constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001). *Younger* abstention is grounded in "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44. In *Younger*, the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding. However, the *Younger* doctrine has been extended by the Supreme Court to encompass noncriminal judicial proceedings when important state interests are involved. *See, e.g., Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-606 (1975).

Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm.*, 457 U.S. at 432; *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995); *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997 (6th Cir. 2003)(unpublished).

As to the first element in the *Younger* analysis, "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied." *Kelm*, 44 F.3d at 419 (quoting *Federal Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991)). In this case, Plaintiffs' Complaint was filed on October 4, 2010. However, the state action has been pending since June 30, 2010. Thus, there is no question that this action meets the first element required for *Younger* abstention.

The second step in the *Younger* analysis requires that these state proceedings involve an important state interest. There is clearly an important state interest in adjudicating the ownership interests of real property located within a state. *See generally Shaffer v. Heitner*, 433 U.S. 186, 207-208 (1977)(recognizing a state's "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property."). In particular, the state's strong interest in pending foreclosure matters warrants the application of *Younger* abstention. *See Doscher*, 75 Fed.Appx. at 997 (state foreclosure proceeding involved a matter of state interest); *Borkowski v. Fremont Inv. and Loan of Anaheim, Cal.*, 368 F.Supp.2d 822, 828 (N.D. Ohio 2005)(court would be required to abstain from addressing matters presented in federal complaint under *Younger* where these matters were the subject of a pending state foreclosure matter, which is of paramount state interest).

Finally, the third requirement of *Younger* is that Plaintiffs must have an opportunity to assert their constitutional challenges in the state court proceeding. The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims..." *Moore v. Sims*, 442 U.S. 415, 430 (1979). "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'" *Pennzoil Co.*,

481 U.S. at 14 (quoting *Moore*, 442 U.S. at 432). "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims pursued by Plaintiffs in their federal lawsuit are barred in the state action. Thus, the third requirement of *Younger* is satisfied.

Where the three *Younger* elements are satisfied, this Court must abstain, absent a few "extraordinary circumstances." *Kugler v. Helfant*, 421 U.S. 117, 123 (1975). *Younger* allowed that such extraordinary circumstances may exist where there is a showing of "'bad faith' or 'harassment' by state officials responsible for the prosecution," *Id*. at 124 (quoting *Younger*, 401 U.S. at 54), where the state law to be applied is "flagrantly and patently violative of express constitutional prohibitions," *Id.* (quoting *Younger*, 401 U.S. at 53), or where there are "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." *Id*. (quoting *Younger*, 401 U.S. at 53). The Court is not aware of any of these circumstances existing in this case. Accordingly, the *Younger* abstention doctrine applies to Plaintiffs' Complaint filed in this Court.

Even if *Younger* did not apply, abstention would be proper under *Colorado River* abstention. The doctrine articulated by the Supreme Court in *Colorado River* allows federal courts to abstain from deciding a federal action in deference to a pending state court action. *Colorado River* abstention may apply as an alternative ground for abstention even where *Younger* abstention does not. *Colorado River*, 424 U.S. at 817. In light of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," this doctrine

permits abstention only in exceptional circumstances. *Id*. at 817-18.

Before the *Colorado River* doctrine may be applied, this Court must first determine whether the concurrent state and federal actions are actually parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Id*. at 340 (internal quotation marks omitted). The Court finds that the instant action and the state action are parallel. Both cases involve the same parties, Plaintiffs and Fifth Third. In addition, the claims in both proceedings arise out of the residential mortgage contract between Plaintiffs and Fifth Third.

Having concluded that the federal and state court proceedings are parallel, the Court now must consider the following factors in determining whether *Colorado River* abstention is appropriate:

> (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained...; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id*. at 340-41. These factors do not constitute a mechanical checklist. Rather, the doctrine requires "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighed in favor of the exercise of jurisdiction." *Baskin v. Bath Township Board of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir. 1994) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983)).

Because the instant case involves the same property over which the state court has

assumed jurisdiction, the first factor weighs in favor of abstention. In addition, because both the federal action and the state action involve the resolution of Fifth Third's right to proceed with foreclosure, proceeding with the federal action while the state foreclosure action is also ongoing will likely result in piecemeal litigation. *See Romine*, 160 F.3d at 341 ("Piecemeal litigation occurs when different courts adjudicate the identical issues, thereby duplicating judicial effort and potentially rendering conflicting results."). Because the state court has concurrent jurisdiction over Plaintiffs' claims and, therefore, has the authority to hear all of the claims (including Plaintiffs' federal claims), abstention will avoid this result.

The order in which jurisdiction was obtained and the relative progress of the state and federal actions also weigh in favor of abstention. The state action was filed on June 30, 2010, over three months before Plaintiffs filed their Complaint in this case. Although this Court has denied Plaintiffs' motion for a temporary injunction, no other significant substantive activity has occurred in the federal action. In contrast, discovery is ongoing in the state action. With respect to the fifth factor, the sources of the law governing Plaintiffs' claims in this lawsuit are both state and federal. However, Plaintiffs' claims could be raised in the state action and the Court is satisfied that the Plaintiffs' rights may be adequately protected in the state action. Balancing all of the above factors, the Court finds that the *Colorado River* factors heavily favor abstention. Consequently, even if abstention were not required under *Younger*, it would be appropriate under *Colorado River*.

Although Fifth Third requests an outright dismissal of Plaintiffs' Complaint, this Court finds that, pursuant to well-settled Sixth Circuit case law, the appropriate course of action is to stay this proceeding pending the conclusion of the state action. *See Bates v. Van Buren*

*Township*, 122 Fed.Appx. 803, 809 (6th Cir. 2004)(unpublished)(a stay of proceedings, rather than a dismissal, is required in *Colorado River* abstention cases); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995). As the Sixth Circuit noted in *Brindley*, "[i]ssuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires." *Id*. While the Court notes that the state court may address all of Plaintiffs' claims, making this stay of little moment, in the event that the state courts fail to address the merits of Plaintiffs' claims, a federal forum for these claims is preserved. *Adrian Energy Associate v. Michigan Public Service Com'n*, 481 F.3d 414, 425 (6th Cir. 2007). Thus, the Court will deny Fifth Third's Motion to the extent that it seeks an outright dismissal of this action, but will grant it to the extent that it seeks to stay this case pending the resolution of the state court proceedings.

### III. CONCLUSION

Based on the foregoing, and this Court being otherwise fully and sufficiently advised, it is **HEREBY ORDERED** as follows:

1) Fifth Third's Motion to Dismiss [DE #10] is **GRANTED** to the extent that it requests the Court to apply the abstention doctrine and stay this case and **DENIED** to the extent that it seeks an outright dismissal of Plaintiffs' Complaint;

2) The above-captioned matter is **STAYED** pending resolution of the parallel state action (case caption *Fifth Third Mortgage Company v. Hans-Peter Healy, Victoria J. Healy, et al.*, Fayette County (Kentucky) Circuit Court, Div. 4, 10-CI-3801);

3) This action is hereby **STRICKEN** from the active docket of this Court; and

4) The parties are granted leave to move to reinstate the case onto the Court's active docket following the conclusion of the state court proceedings.

This February 9, 2011.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge